1

**MORGAN, LEWIS & BOCKIUS LLP**
Molly Moriarty Lane, Bar No. 149206
molly.lane@morganlewis.com
Mark W. Allen, Bar No. 293155
mark.allen@morganlewis.com
Kevin M. Benedicto, Bar No. 305802
kevin.benedicto@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant,
BMW OF NORTH AMERICA, LLC

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL ADAMS,<br><br>               Plaintiff,<br><br>     vs.<br><br>BMW OF NORTH AMERICA, LLC; and<br>DOES 1 through 30, inclusive,<br><br>               Defendants. | Case No.<br><br>[Removed from Alameda County Sup. Ct. Case No. RG21115137]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**<br><br>*[Notice of Appearance; Civil Cover Sheet; Corporate Disclosure Statement and Certification of Interested Parties; Declaration of Mark W. Allen filed concurrently herewith]*<br><br>Complaint Filed:    October 7, 2021<br>Complaint Served:  October 8, 2021<br>Notice of<br>Removal Filed:    November 8, 2021 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC

DB2/ 37027033.2

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that pursuant to 28 U.S.C. §§ 1332, 1441(a) & (b), and 1446, Defendant BMW of North America, LLC ("BMW NA") hereby removes the above-entitled action (the "Action") from the Superior Court of the State of California in the County of Alameda, to the United States District Court of the Northern District of California.  In support of this removal, BMW NA states the following:

## I.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.   Procedural Background

1.   On October 7, 2021, Plaintiff Adam Neal ("Plaintiff") commenced this action, titled *Neal Adams v. BMW of North America, LLC*, Case No. RG21115137, by filing an unverified complaint ("Complaint") in the Superior Court of the State of California in the County of Alameda.  The Complaint alleges a single cause of action for breach of the express warranty in violation of the California Song-Beverly Consumer Warranty Act related to Plaintiff's purchase of a 2017 BMW X5 ("Subject Vehicle").  *See* Exh. A, Complaint, ¶¶ 1, 17-30.  The total price of the Subject Vehicle is $74,178.53.  *Id*. at ¶ 8.  Plaintiff seeks restitution for the Subject Vehicle, "*a civil penalty in an amount twice that of the actual damages*" under Cal. Civ. Code § 1794(c), attorneys' fees for costs of the lawsuit, pre-judgment interest, and other relief this Court may deem appropriate.  *See id*., Prayer for Relief 1 through 6.  Here, the amount in controversy exceeds $75,000.00 based on Plaintiff's claimed damages, statutory civil penalties, and attorneys' fees.  Future attorneys' fees are included when calculating a reasonable estimate of a plaintiff's attorneys' fees.  *See Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

2.   BMW NA was served with the Summons and Complaint on October 8, 2021, via CT Corporation System, BMW NA's registered agent for service of process.

3.   Pursuant to 28 U.S.C. § 1446(a), BMW NA attaches to this Notice and incorporates by reference Exhibits A (Complaint, Summons, and Proof of Service) and B (BMW NA's Answer to Complaint), which are true and correct copies of all process, pleadings, and orders that have been filed in this action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1                                    Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC
DB2/ 37027033.2

4.      No other defendant has been named in this matter.

**B.      <u>This Court Has Subject Matter Jurisdiction Based on Complete Diversity of the Opposing Parties</u>**

5.      This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one that BMW NA may remove pursuant to 28 U.S.C. § 1441, subsections (a) and (b).  The requirements for diversity jurisdiction are met here because this is a civil action with an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and is between citizens of different states.

**1.      The Amount in Controversy Exceeds $75,000.00**

6.      The first requirement for diversity jurisdiction is that the amount in controversy must exceed the sum of $75,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(a).  In determining whether a complaint meets the $75,000.00 threshold amount set forth in 28 U.S.C. § 1332(a), a court must consider the aggregate amount of all the claims, not the amount involved in each individual claim.  *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy).

7.      The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction.  *See Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim"); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost earning capacity, medical expenses, emotional distress, and attorneys' fees, was enough to put the amount in controversy above $75,000.00).

8.      It is well established that the amount in controversy allegation "is accepted if made in good faith."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  To

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37027033.2

2

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC

1   satisfy the amount in controversy requirement, "a defendant's notice of removal need include

2   only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

3   *Id.*  Similarly, the amount in controversy allegation of a defendant seeking federal-court

4   adjudication "should be accepted when not contested by the plaintiff or questioned by the court."

5   *Id.*  Thus, removal is proper if, from the allegations of the Complaint and the Notice of Removal,

6   it is more likely than not that the claims exceed $75,000.00, exclusive of interest and costs.

7   *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

8        9.     Here, although BMW NA denies that it is liable for any amount of damages, the

9   amount in controversy based on the claims and allegations in the Complaint exceeds $75,000.00.

10  Here, Plaintiff alleges BMW NA violated the Song-Beverly Consumer Warranty Act.  *See* Exh.

11  A, Complaint, p. 1.  Plaintiff seeks restitution for the purchase of the Subject Vehicle, which

12  totals $74,178.53 according to Plaintiff's allegation.  *See* Exhibit A at ¶ 8.  Additionally, Plaintiff

13  seeks to recover a civil penalty under the Song-Beverly Act of "two times actual damages," and

14  no less.   *See id*. at ¶ 29; see also *id*. at 7, Prayer for Relief (3).  Plaintiff's claim for two-time civil

15  penalties alone places $148,357.06 in controversy.  Moreover, Plaintiff issued a settlement

16  demand seeking $145,485.04 to resolve this matter.  *See* Declaration of Mark W. Allen, ¶ 2,

17  Exhibit A; *see Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is

18  relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of

19  plaintiff's claim") (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30

20  (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's

21  assessment of the value of her case")).  Thus, the amount in controversy exceeds $75,000.00

22  based Plaintiff's claimed damages, statutory civil penalties, and attorneys' fees.

23       10.     A reasonable estimate of the plaintiff's attorneys' fees can be included in the

24  amount in controversy for claims made under the Song-Beverly Consumer Warranty Act.  *Brady*

25  *v. Mercedes-Benz USA*, 243 F. Supp. 2d, 1004, 1010 (2002); *Galt G/S v. JSS Scandinavia*, 142

26  F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of

27  attorneys' fees, either with mandatory or discretionary language, such fees may be included in the

28  amount in controversy").  Additionally, there is no longer a split in authority regarding the proper

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                                    Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC

DB2/ 37027033.2

1   calculation of attorneys' fees for purposes of determining the amount in controversy.  The courts

2   have determined that future attorneys' fees—not just attorneys' fees as of the date of removal—

3   are included when calculating a reasonable estimate of a plaintiff's claim for attorneys' fees.  *See*

4   *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  Based on past

5   dealings with Plaintiff's counsel, Plaintiff's counsel's hourly rate is $550.00.  Declaration of

6   Mark W. Allen, at ¶ 3.   Thus, if Plaintiff incurred just two hours of attorneys' fees totaling

7   $1,100.00, the attorneys' fees incurred plus the $74,178.53 purchase price of the vehicle would

8   put the amount in controversy above $75,000.00.

9        11.   Likewise, the court in *Brady*, 243 F. Supp. 2d at 1004 specifically held that "there

10   is good reason to include the Song–Beverly Act's civil penalty of up to two times the amount of

11   actual damages in the amount in controversy." *Id.* at 1009.  The Song-Beverly Act's civil penalty

12   differs in at least two respects from punitive damages.  First, the Song-Beverly civil penalty is

13   capped at two times the plaintiff's actual damages.  Cal. Civ. Code § 1794(c).  By contrast, there

14   is no specific limit on the amount of punitive damages that can be awarded in an action and thus

15   they are necessarily more speculative.  *See College Hospital, Inc. v. Superior Court*, 8 Cal. 4th

16   704, 712 (1994).  Second, the standards of proof are different.  While punitive damages require a

17   plaintiff to prove with clear and convincing evidence that the defendant acted with malice,

18   oppression, or fraud, in order to obtain civil penalties under the Song-Beverly Act, the plaintiff

19   must only prove by a preponderance of the evidence that the defendant willfully failed to

20   repurchase the vehicle.  *See* CACI 3948, CACI 3244 (revised May 2018[1]).  Thus, the heightened

21   evidentiary standard also makes punitive damages awards more speculative compared to the civil

22   penalty authorized under the Song-Beverly Consumer Warranty Act.  As such, the amount in

23   controversy exceeds $75,000.00 and the jurisdictional amount needed to establish diversity

24   jurisdiction is satisfied.

25                    **2.      Complete Diversity Exists**

26        12.   The second requirement, complete diversity of citizenship, is met when all

27

28   [1] CACI 3244, as revised, defines "willful" in the context of a Song-Beverly claim as the
defendant "knew of [its] legal obligations and intentionally declined to follow them."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37027033.2

4                                                      Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC

1   plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a)(1).  Removal of such an action is

2   appropriate when no defendant is a citizen of the same state in which the action was originally

3   brought.  28 U.S.C. § 1441(a)-(b).  For purposes of diversity, a corporation is deemed to be a

4   citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of

5   business."  28 U.S.C. § 1332(c)(1).  The citizenship of "Doe" defendants, however, is disregarded

6   for removal purposes.  28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686,

7   690-91 (9th Cir. 1998) (holding that, for removal purposes, the citizenship of defendants sued

8   under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d

9   966, 971 (9th Cir. 2002).

10          13.     Here, the diversity requirements are met.  Here, Claimant alleges that "[a]t all

11   relevant times herein, NEAL ADAMS is and was a resident of the state of California."  *See*

12   Exhibit A, ¶ 2; *see HSBC Bank USA, NA v. Valencia*, No. 09-CV-1260-OWW-JLT, 2010 WL

13   546721, *2 (E.D. Cal. Fe. 10, 2010) ("The status of the parties' citizenship . . . can be determined

14   from the complaint or from other sources, including statements made in the notice of removal.");

15   *see also Kanter v. Warner –Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining the

16   complaint and notice of removal to determine citizenship).  Defendant BMW NA is a privately

17   held Delaware limited liability company with its principle place of business located in Woodcliff

18   Lake, New Jersey.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corp., which

19   is the sole member of BMW NA, and it is incorporated under the laws of Delaware, and has its

20   headquarters and principal place of business in the State of New Jersey.  Accordingly, BMW NA

21   is a citizen of Delaware and New Jersey, *not* California.  *See* 28 U.S.C. § 1332(c)(1); *Johnson v.*

22   *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an

23   LLC is a citizen of every state of which its owners/members are citizens."); BMW NA's

24   Corporate Disclosure Statement ¶ 1.)

25          14.     Therefore, this Court has diversity jurisdiction over this matter pursuant to 28

26   U.S.C. § 1332(a)(1), and the Action may be removed to this Court under 28 U.S.C. §§ 1441 and

27   1446.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37027033.2

5                                                          Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC

## C.     <u>All Additional Prerequisites for Removal Are Satisfied</u>

15.     This Notice of Removal is timely. A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise," of the initial pleading or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)-(c); *see also* Fed. R. Civ. Proc. § 6(a)(1)(C) (if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). The Notice of Removal is timely because Plaintiff has served BMW NA with a copy of his complaint on October 8, 2021, and this Notice of Removal is filed within 30 days thereof. *See Berry v. Toywatch S.p.A.*, Case No. LA CV13-05428 JAK (CWx), 2013 WL 12131761, *5 (C.D. Cal. Oct. 10, 2013) ("Therefore, if a plaintiff fails properly to serve a Summons and Complaint, the 30-day period for removal under 28 U.S.C. § 1446 is triggered on the date that the defendant first makes a general appearance in the matter."); *Emma Court LP v. United Am. Bank*, No. 09-03625, 2009 WL 4456387, at 4 (N.D. Cal., Nov. 30, 2009) ("In California, a general appearance can make up for a complete failure to serve a summons because a defendant submits to the court's jurisdiction by making a general appearance.").

16.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

17.     Venue is proper in this Court because the Action is pending in the County of Alameda, California. Thus, the United States District Court of the Northern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18.     A copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of Alameda, as required by 28 U.S.C. § 1446(d).

19.     If any question arises as to the propriety of the removal of this Action, Defendant respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case is removable.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37027033.2

6

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC

1        For the forgoing reasons, Defendant respectfully requests that this action be removed from

2   the Superior Court of the State of California, for the County of Alameda, to the United States

3   District Court of the Northern District of California, and that all future proceedings in this matter

4   take place in that District Court.

5

6   Dated: November 8, 2021

7

8

MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane
Mark W. Allen
Kevin M. Benedicto

By   */s/ Mark W. Allen*
     Mark W. Allen

Attorneys for Defendant
BMW of North America, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                                                      Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
BY DEFENDANT BMW OF NORTH AMERICA, LLC

DB2/ 37027033.2

# EXHIBIT A - NOTICE OF REMOVAL

 **CT Corporation**

**Service of Process Transmittal**
10/08/2021
CT Log Number 540388974

**TO:** Howard Harris
BMW of North America, LLC
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731

**RE:** **Process Served in California**

**FOR:** BMW of North America, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NEAL ADAMS // To: BMW of North America, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # RG21115137 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2021 at 02:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2021, Expected Purge Date: 10/13/2021 |
| | Image SOP |
| | Email Notification,  Diane Carbone  Diane.Carbone@bmwna.com |
| | Email Notification,  Gino Palacios  Gino.Palacios@bmwnaext.com |
| | Email Notification,  WR Litigation  WR_LITIGATION@bmwna.com |
| | Email Notification,  Annette Fabrizi  annette.fabrizi@bmwna.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
10/08/2021
CT Log Number 540388974

**TO:**   Howard Harris
BMW of North America, LLC
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731

**RE:**   **Process Served in California**

**FOR:**   BMW of North America, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Oct 8, 2021

**Server Name:**                   Jimmy Lizama

Entity Served                      BMW OF NORTH AMERICA, LLC

Case Number                        RG21115137

Jurisdiction                       CA



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>BMW OF NORTH AMERICA, LLC; and DOES 1 through 30, inclusive, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>**OCT 0 7 2021**<br><br>CLERK OF THE SUPERIOR COURT<br>By _Jamie Thomas_<br>JAMIE THOMAS, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NEAL ADAMS,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Rene C. Davidson Alameda Courthouse<br>1225 Fallon St.<br>Oakland CA 94612 | CASE NUMBER<br>*(Número del Caso)*<br>RG21115137 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot Conn Bar No. 279920                    415-417-2780
354 Pine St., 5th Floor, San Francisco, CA 94104

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* **OCT 0 7 2021** | Clerk, by<br>*(Secretario)* Chad Finke | **JAMIE J. THOMAS** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BMW OF NORTH AMERICA, LLC
under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code 17061 Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| | |
|---|---|
| 1 | CONN LAW, PC<br>ELLIOT CONN   Bar No. 279920 |
| 2 | 354 Pine Street, 5th Floor<br>San Francisco, CA, 94104 |
| 3 | Telephone: (415) 417-2780<br>Facsimile: (415) 358-4941 |
| 4 | elliot@connlawpc.com |
| 5 | Attorneys for Plaintiff NEAL ADAMS |

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**OCT 0 7 2021**

CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

| | | |
|---|---|---|
| NEAL ADAMS, | | Case No. **RG21111513.7** |
| | Plaintiff | **COMPLAINT FOR DAMAGES FOR**<br>**BREACH OF WARRANTY, CIVIL CODE**<br>**§1790, *ET SEQ.*** |
| vs. | | |
| BMW OF NORTH AMERICA, LLC; and<br>DOES 1 through 30, inclusive, | | Unlimited Civil Case |
| | Defendants. | JURY TRIAL DEMANDED |
| _____/ | | |

19                            **INTRODUCTION**

20    1.      Plaintiff NEAL ADAMS ("Plaintiff") brings this action as an individual for statutory

21  breach of warranty against Defendants BMW OF NORTH AMERICA, LLC (hereinafter

22  "BMW NA"), and DOES 1 through 30, under California's Song-Beverly Consumer Warranty

23  Act, arising from the purchase of a defective 2017 BMW X5, VIN: 5UXKT0C31H0V96722

24  (hereinafter the "vehicle"). On information and belief, Plaintiff alleges the following:

25                              **PARTIES**

26    2.      Plaintiff NEAL ADAMS is an individual over the age of 18 years. At all relevant times

27  herein, NEAL ADAMS is and was a resident of the state of California.

28    3.      Defendant BMW NA is, and at all times relevant herein was, a Delaware company

1  qualified to do business and conducting business in the State of California. BMW NA was and

2  is the manufacturer and/or warrantor of the vehicle.

### DOE DEFENDANTS

4  4.      Plaintiff does not know the true names and capacities, whether corporate, partnership,

5  associate, individual or otherwise, of defendants sued herein as DOES 1 through 30, inclusive,

6  pursuant to §474 of the California Code of Civil Procedure. Plaintiff is informed and believes

7  and thereupon alleges that defendants DOES 1 through 30, inclusive, are in some manner

8  responsible for the acts, occurrences and transactions set forth herein and are legally liable to

9  Plaintiff. Plaintiff will seek leave to amend this complaint to set forth the true names and

10  capacities of said fictitiously-named defendants, together with appropriate charging allegations,

11  when ascertained.

### AGENCY AND ALTER EGO

13  5.      At all times mentioned herein each Defendant, whether actually or fictitiously named

14  herein, was the principal, agent (actual or ostensible), or employee of each other defendant and

15  in acting as such principal or within the course and scope of such employment or agency, took

16  some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is

17  liable to Plaintiff for the relief prayed for herein.

### JURISDICTION AND VENUE

19  6.      Venue is proper in Marin County because Defendant BMW NA conducts substantial

20  business in Alameda County, because Plaintiff purchased the vehicle in Alameda County, and

21  because most of the repairs to the vehicle occurred in Alameda County.

22  7.      This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of

23  California and Defendant BMW NA is qualified to do business in California and regularly

24  conducts business in California. Furthermore, the acts and omissions complained of occurred in

25  California.

### OPERATIVE FACTS

27  8.      On or about September 15, 2018, Plaintiff signed the paperwork to purchase the vehicle

28  from Weatherford BMW, an authorized BMW NA dealership in Berkeley, California for a total

2

1    cost of $74,178.53, including taxes, finance charges, and license fees. The vehicle was

2    purchased primarily for personal and family use.

3    9.      All owners of new and certified pre-owned BMW NA vehicles, including the vehicle,

4    receive express warranties from Defendant BMW NA.

5    10.     BMW NA's basic warranties covered any repairs or replacements needed during the

6    warranty period due to defects in factory materials or workmanship. Any required adjustments

7    would also be made during the basic coverage period. All warranty repairs and adjustments,

8    including parts and labor, were to be made at no charge. Additional warranties were set forth in

9    the warranty booklet and are incorporated herein by reference as though fully set forth.

10   11.     In fact, when delivered, the vehicle was defective in materials and workmanship, such

11   defects being discovered within the warranty periods. Within seven months of purchase and less

12   than 12,000 miles of use Plaintiff began to experience numerous defective conditions with the

13   Vehicle, many of which continue to this day. These conditions included, but were not limited to:

14            (a)      Car makes a clunking sound when acerating from a stop;

15            (b)      Bump stops incorrectly adjusted;

16            (c)      Comfort access does not work;

17            (d)      Blind spot support monitor shuts off after driving;

18            (e)      Clunk in transmission when shifting;

19            (f)      Check engine light comes on sporadically;

20            (g)      Multiple fuel tank faults;

21            (h)      Gas door not opening;

22            (i)      Fault fuel pressure sensors;

23            (j)      Check engine light returned; and

24            (k)      Restraint warning system appeared while driving;

25   12.     And on August 5, 2021, Plaintiff had the vehicle towed to a BMW NA authorized repair

26   facility for warranty repair and has been without the vehicle ever since. As of the date of the

27   filing of this complaint, the vehicle has been out of service for repair for 63 days, just for this

28   most recent repair visit.

13.    Plaintiff has returned the vehicle to BMW NA authorized dealerships for warranty repair on no fewer than 7 occasions.  Since purhcase, Plaintiff has been without the vehicle due to it being out or service for repair for no fewer than 95 calendar days, and is currently without the vehicle.  The vehicle was in repair facilities for an unreasonable period of time and for an unreasonable number of times.  Despite the prolonged period during which BMW NA and its authorized repair facilities were given the opportunity to repair the vehicle, many of the more significant conditions were not repaired, and the vehicle remains undriveable.

14.    The defects experienced by Plaintiff with the vehicle substantially impair its use, value and safety to Plaintiff. Despite Plaintiff's efforts to allow BMW NA and BMW NA authorized repair facilities the opportunity to repair the vehicle, many nonconforming and defective conditions were never repaired. The vehicle continues to this day to exhibit the more significant defective conditions described above.

15.    Prior to bringing this lawsuit, Plaintiff contacted BMW NA directly and asked BMW NA to repurchase the defective vehicle. On September 30, 2021, BMW NA wrote to Plaintiff, "after a thorough investigation of the complaints presented, BMW NA has determined that the vehicle's service history does not present an obligation for BMW NA to reacquire the vehicle. Given this evaluation, BMW NA is unable to reacquire the vehicle at this time."

16.    Plaintiff had no choice but to bring this lawsuit.

**FIRST CAUSE OF ACTION**
**(Breach of Express Warranty in Violation of Civil Code §1790, *et seq.*)**
**(Against BMW NA and Applicable DOES)**

17.    Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the paragraphs above.

18.    The vehicle is a "New Motor Vehicle" as defined in Civil Code §1793.22(e)(2).

19.    BMW NA is a "manufacturer" as defined in California Civil Code §1791(j).  Plaintiff is informed and believes and thereupon alleges that defendant BMW NA is the warrantor and thus obligated to comply with Civil Code §1791, *et seq.*, pursuant to Civil Code §1795.

20.    Plaintiff's acquisition of the vehicle was accompanied by express factory warranties offered by defendant BMW NA to Plaintiff.

4

21.     The express warranties described and incorporated herein by reference are each an "express warranty" as defined in California Civil Code §1791.2(a)(1).

22.     BMW NA's express warranties covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship.  Any required adjustments or repairs would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the warranty booklet, and are incorporated herein by reference as though fully set forth.

23.     In fact, when delivered to Plaintiff, the vehicle was defective in materials and workmanship, such defects being described above and discovered within the warranty periods.

24.     Plaintiff was without the vehicle due to it being out of service for repair, by authorized BMW NA servicing dealerships and/or their agents, for no fewer than 95 days and on no fewer than 7 occasions. And Plaintiff remains without the vehicle as it is currently out of service for repair. Despite the number of times and days Defendants were given the opportunity to repair the vehicle, they failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein.

25.     The defects experienced by Plaintiff with the vehicle substantially impair its use, value, or safety to Plaintiff.  Despite Plaintiff's repeated efforts to allow BMW NA the opportunity to repair the vehicle, many nonconforming and defective conditions were never repaired.  The vehicle continues to exhibit the problems described above and Plaintiff remains without the vehicle.

26.     For this most recent repair, BMW NA failed to conform the vehicle to its applicable warranties within 30 days' time. Plaintiff never agreed to waive his right to have the vehicle conform to the applicable warranties within 30 days. There were no conditions beyond the control of BMW NA or its representatives to extend the 30-day requirement.

27.     As a direct and proximate result of Defendants' violation of their obligations under the Song-Beverly Consumer Warranty Act, Plaintiff has suffered actual, consequential, and incidental damages, including but not limited to money expended on the purchase of the vehicle,

1  rent charges, the loss of use of the vehicle during the time it has been in for repair, other

2  incidental and consequential damages, and attorneys' fees, which Plaintiff has incurred and will

3  continue to incur in order to protect his rights in this matter.

4  28.      As a direct and proximate result of BMW NA's willful violation of its obligations under

5  the Song-Beverly Consumer Warranty Act, Plaintiff is entitled to have BMW NA either replace

6  the goods or reimburse Plaintiff.  Plaintiff has the choice to elect either option, pursuant to

7  California Civil Code §1793.2(d)(2).

8  29.      As a direct and proximate result of BMW NA's willful violation of its obligations under

9  the Song-Beverly Consumer Warranty Act, Civil Code §1794(c) Plaintiff is entitled to a civil

10  penalty of two times actual damages.

11  30.      Pursuant to Civil Code §1794(d), Plaintiff is entitled to recover a sum equal to the

12  aggregate amount of costs and expenses, including attorneys' fees.  As a proximate result of

13  BMW NA's misconduct as alleged herein, and in an effort to protect his rights, Plaintiff has

14  incurred and will continue to incur legal fees, costs, and expenses in connection therewith.

15          WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

(1)     For actual damages in excess of the jurisdictional minimum of this Court;

(2)     For restitution in the form of reimbursement pursuant to California Civil Code §1794(b) and §1793.2(d);

(3)     For civil penalty pursuant to California Civil Code §1794(c) in an amount twice that of the actual damages;

(4)     For prejudgment interest at the maximum legal rate;

(5)     For attorneys' fees and costs of suit incurred herein; and

(6)     For such other and further relief as the Court deems just and proper under the circumstances.

Dated:  October 7, 2021                              CONN LAW, PC


By:     _____
                                                    ELLIOT CONN

1  **<u>JURY TRIAL DEMANDED</u>**

2  Plaintiff demands a trial by jury on all issues so triable.

3  Dated:  October 7, 2021                    CONN LAW, PC

4

5                                        By:  _____

6                                             ELLIOT CONN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

ATTORNEY OR PARTY WITHOUT ATTORNEY:
Elliot Conn Bar No. 279920
Conn Law, PC
354 Pine St., 5th Floor, San Francisco, CA 94104
TELEPHONE NO.: 415-417-2780   FAX NO. (Optional): 415-358-4941
E-MAIL ADDRESS: elliot@connlawpc.com
ATTORNEY FOR (Name): Neal Adams

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Alameda Courthouse

CASE NAME:
Adams v. BMW of North America, LLC

**ENDORSED FILED ALAMEDA COUNTY**

OCT 0 7 2021

CLERK OF THE SUPERIOR COURT
By _____ JANE THOMAS, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RG 21 115137  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 1. Breach of Warranty, Civil Code Section 1790, et seq.
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/7/2021
Elliot Conn
(TYPE OR PRINT NAME)        ▶  _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Adams v. BMW of North America, LLC | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)  
[ ] Hayward Hall of Justice (447)  
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [✓] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| | | **Is the deft. in possession of the property?  [ ] Yes  [ ] No** | | |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

**EXHIBIT B - NOTICE OF REMOVAL**

1   MORGAN, LEWIS & BOCKIUS LLP
    Molly Moriarty Lane, Bar No. 149206
2   molly.lane@morganlewis.com
    Mark W. Allen, Bar No. 293155
3   mark.allen@morganlewis.com
    Kevin M. Benedicto, Bar No. 305802
4   kevin.benedicto@morganlewis.com
    One Market, Spear Street Tower
5   San Francisco, California 94105-1596
    Telephone:  +1.415.442.1000
6   Facsimile:   +1.415.442.1001

7   Attorneys for Defendant
    BMW OF NORTH AMERICA, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**10/28/2021 at 10:12:20 AM**
By: Joanne Downie, Deputy Clerk

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10

11  NEAL ADAMS,                              Case No. RG21115137

12              Plaintiff,                   Assigned for All Purposes to the
                                             Honorable Stephen Kaus, Dept. 19
13       v.
                                             **DEFENDANT BMW OF NORTH**
14  BMW OF NORTH AMERICA, LLC; and           **AMERICA, LLC'S ANSWER TO**
    DOES 1 through 30, inclusive,            **PLAINTIFF NEAL ADAMS'**
15                                           **COMPLAINT FOR DAMAGES FOR**
                                             **BREACH OF WARRANTY, CIVIL**
16              Defendants.                  **CODE §1790, ET SEQ.**

17                                           Date Action Filed:   October 7, 2021
                                             Date Action Served: October 8, 2021
18                                           Trial Date:          None

19

20

21          Defendant BMW of North America, LLC ("Defendant" or "BMW NA"), by and through

22  its counsel, answers the complaint ("Complaint") of Plaintiff Neal Adams (hereafter "Plaintiff")

23  and admits, denies, and alleges as follows in the numbered paragraphs below.

24          Pursuant to California Code of Civil Procedure section 431.30, BMW NA denies,

25  generally and specifically, each and every allegation contained in each and every cause of action

26  in Plaintiff's Complaint, and further denies that Plaintiff sustained any damages as alleged, in any

27  sum or sums, or at all, by reason of any act, breach, or omission on the part of BMW NA.

28  / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BMW OF NORTH AMERICA, LLC'S
ANSWER TO PLAINTIFF NEAL ADAMS'S COMPLAINT FOR DAMAGES

DB2/ 41834531.1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1.     The Complaint, and each cause of action and claim for relief asserted therein, fails to state facts sufficient to constitute a cause of action or claim for relief against BMW NA.

## SECOND AFFIRMATIVE DEFENSE

### (Agreement to Arbitrate)

2.     Some or all of the claims made in the Complaint must be resolved through arbitration because the purchase agreement and/or warranty and financing agreements to which Plaintiff agreed when purchasing VEHICLE ("VEHICLE" is defined as the 2017 BMW X5 xDrive40e, VIN 5UXKT0C31H0V96722), contain an arbitration clause.

## THIRD AFFIRMATIVE DEFENSE

### (No Breach of Express Warranty – Self-Caused Damage is Not a Warrantable Defect)

3.     Plaintiff's claim of breach of express warranty fails because the alleged defects were caused by Plaintiff or his agent; therefore, BMW NA is not responsible for any related issues.

## FOURTH AFFIRMATIVE DEFENSE

### (No Breach of Express Warranty)

4.     Plaintiff cannot prove the claim for Breach of Express Warranty because Plaintiff cannot prove the VEHICLE contained a warrantable defect or nonconformity that substantially impaired the VEHICLE's use, value, or safety, and that such alleged defect had persisted despite having been presented for repair an reasonable number of opportunities.  *Lundy v. Ford Motor Co.*, 87 Cal. App. 4th 472 (2001); *Ibrahim v. Ford Motor Company*, 214 Cal. App. 3d 878 (1989).

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Privity Between Plaintiff and Defendants)

5.     Plaintiff's claims of breach of warranty fail because there is no privity between Defendants and Plaintiff.  *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682 (1954).

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41834531.1

2

DEFENDANT BMW OF NORTH AMERICA, LLC'S
ANSWER TO PLAINTIFF NEAL ADAMS'S COMPLAINT FOR DAMAGES

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Give Proper Notice of Alleged Defect)

6.      Plaintiff's claims of breach of express warranty fail because Plaintiff failed to provide Defendant with the required notice and opportunity to cure any alleged defect.  (Com. Code, §§ 2607(3)(A) [buyer must notify seller of nonconformity of goods within reasonable time]; Com. Code, § 2508 [seller entitled to reasonable opportunity to cure the nonconformity within given time frame].)

## SEVENTH AFFIRMATIVE DEFENSE

### (Unreasonable or Unauthorized Use of Vehicle)

7.      Plaintiff's claims fail because the defects or nonconformities that allegedly exist were caused by unreasonable or unauthorized use of the VEHICLE following its purchase.  (Civ. Code, § 1794.3.)

## EIGHTH AFFIRMATIVE DEFENSE

### (Misuse, Abuse, or Lack of Maintenance)

8.      Plaintiff's claims fail because the VEHICLE was misused, abused, or improperly maintained.  CACI No. 1245.

## NINTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

9.      Plaintiff is barred from recovering money voluntarily paid with full knowledge of the facts.

## TENTH AFFIRMATIVE DEFENSE

### (Presumption Does Not Apply)

10.      The presumption stated in California Civil Code section 1793.22, subdivision (b), does not apply because Plaintiff failed to participate in Defendant's qualified third-party dispute resolution process after receiving timely written notification of its existence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Civil Penalty Under Song-Beverly Warranty Act)

11.      Plaintiff is barred from recovering a civil penalty in this action because Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41834531.1

3

DEFENDANT BMW OF NORTH AMERICA, LLC'S
ANSWER TO PLAINTIFF NEAL ADAMS'S COMPLAINT FOR DAMAGES

reasonably, and in good faith, believed that the facts did not require Defendant to repurchase or replace the VEHICLE.  CACI No. 3244 (revised May 2018).

## TWELFTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

12.     Plaintiff's claims are, or may become, barred under the res judicata or collateral estoppel doctrines.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13.     Plaintiff's Complaint and each purported cause of action alleged therein are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337.15, 340.2, 343, and 361, Civil Code sections 1791.1, 1795.5, and Commercial Code section 2725.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

14.     Plaintiff's Complaint and each purported cause of action alleged herein are barred by the doctrine of equitable estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15.     Plaintiff is barred from recovery herein by virtue of the application of the doctrine of laches (inexcusable delay and prejudice to Defendant).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Business Use)

16.     Plaintiff's claims fail because the VEHICLE is not a "new motor vehicle" as set forth in California Civil Code section 1793.22, subdivision (e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Integration and Parole Evidence Rule)

17.     Plaintiff's Complaint and each cause of action are barred by the Doctrine of Integration and the Parole Evidence Rule.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41834531.1

4

DEFENDANT BMW OF NORTH AMERICA, LLC'S
ANSWER TO PLAINTIFF NEAL ADAMS'S COMPLAINT FOR DAMAGES

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2

**(Other Defenses)**

3      18.      Defendant believes it may have additional affirmative defenses that it is not

4 currently aware of.  Defendant reserves the right to amend its Answer to state other defenses that

5 it may later discover a basis for.

6      WHEREFORE, Defendant BMW NA prays for judgement as follows:

7      1.      That Plaintiff take nothing by way of his Complaint in this action;

8      2.      That Plaintiff's Complaint be dismissed in its entirety;

9      3.      That Defendant be awarded its costs of suit incurred in this action; and

10     4.      That Defendant be awarded such other and further relief as the court deems just

11 and proper.

12

Dated:  October 28, 2021                    MORGAN, LEWIS & BOCKIUS LLP
13                                          Molly Moriarty Lane
                                            Mark W. Allen
14                                          Kevin M. Benedicto

15

16                                          By: _____
                                                        Mark W. Allen
17
                                            Attorneys for Defendant
18                                          BMW of North America, LLC

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41834531.1

5

DEFENDANT BMW OF NORTH AMERICA, LLC'S
ANSWER TO PLAINTIFF NEAL ADAMS'S COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I, Alice Caracciolo, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is One Market, Spear Street Tower, San Francisco, California 91405.

On October 28, 2021, I served a copy of the within document(s):

> ➢ **DEFENDANT BMW OF NORTH AMERICA, LLC'S ANSWER TO PLAINTIFF NEAL ADAMS'S COMPLAINT FOR DAMAGES FOR BREACH OF WARRANTY, CIVIL CODE §1790, ET. SEQ.**

☒ **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC SERVICE**:  the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on October 28, 2021.  The transmission was reported as complete and without error.  My electronic notification address is One Market, Spear Street Tower, San Francisco, California 91405.  My email address is alice.caracciolo@morganlewis.com.

Elliot Conn, Esq.                                            *Attorneys for Plaintiff,*
CONN LAW, PC                                                      *Neal Adams*
354 Pine Street, 5th Floor
San Francisco, CA 94104
Telephone:  (415) 417-2780
Facsimile:  (415) 358-4941
Email:  elliot@connlawpc.com

Executed on October 28, 2021 at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Alice Caracciolo

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41834531.1

6

DEFENDANT BMW OF NORTH AMERICA, LLC'S
ANSWER TO PLAINTIFF NEAL ADAMS'S COMPLAINT FOR DAMAGES