CONN LAW, PC
ELLIOT CONN, Bar No. 279920
354 Pine Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com

Attorneys for Plaintiff
NEAL ADAMS

MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
molly.lane@morganlewis.com
Mark W. Allen, Bar No. 293155
mark.allen@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
BMW of North America, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEAL ADAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　Defendant. | Case No. 3:21-cv-08687-LB<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:　　　February 10, 2022<br>Time:　　　9:30 a.m.<br>Judge:　　　Hon. Laurel Beeler<br>Location:　　Courtroom B,<br>　　　　　　San Francisco Courthouse<br>　　　　　　Courtroom B<br>　　　　　　450 Golden Gate Ave.,<br>　　　　　　San Francisco, CA 94102<br>　　　　　　ZOOM CONFERENCE |

Pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure* and Local Rules 16-9 and 26.1, the Court's Order Setting Case Management Conference (ECF Nos. 6 and 12), and Standing Order For All Judges Of The Northern District Of California, the Parties submit this joint report:

**1.   Subject Matter Jurisdiction**

Plaintiff contends that Defendant has violated the Song-Beverly Consumer Warranty Act. The Parties do not anticipate any unusual substantive, procedural, or evidentiary legal issues. This is a Song-Beverly action that was filed in Alameda County Superior Court on June 10, 2021.

Defendant removed this action to the United States District Court for the Northern District of California on November 8, 2021, pursuant to 28 U.S.C. section 1441(b) based on diversity jurisdiction as defined by 28 U.S.C. section 1332. (Dkt. 1, ¶ 5). Plaintiff does not admit that removal or diversity jurisdiction is proper.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

All parties have been served. There are no issues regarding personal jurisdiction or venue.

**2.   Facts**

**Plaintiff's Position:** On or around September 15, 2018, Plaintiff purchased a 2017 BMW X5, VIN: 5UXKT0C31H0V96722 (the "Vehicle") from an authorized BMW dealership. The Vehicle was purchased primarily for personal and family use. Plaintiff's purchase of the Vehicle was accompanied by express warranties offered by Defendant BMW NA and extending to Plaintiff. When delivered, the Vehicle was defective in materials and workmanship, such defects being discovered within the warranty period; Plaintiff has had to take the Vehicle in for warranty repair no fewer than 7 times, and the Vehicle has been out of service for repair for no fewer than 98 days.

The defects experienced by Plaintiff with the Vehicle substantially impair its use, value, and safety to Plaintiff. Despite Plaintiff's effort to give BMW NA the opportunity to repair the

1 Vehicle, the nonconforming and defective conditions were never fully repaired. The Vehicle
2 continues to this day to exhibit many of the defective conditions described above. Having lost
3 confidence in the Vehicle, Plaintiff complained directly to BMW NA and asked BMW NA to
4 repurchase the Vehicle. BMW refused and denied Plaintiff's request in writing.

5 **Defendant's Position:** This is a lemon law case involving Plaintiff's purchase of an
6 allegedly defective purchase of a 2017 BMW X5, VIN No.: 5UXKT0C31H0V96722 (the
7 "Subject Vehicle") from non-party Weatherford BMW on September 15, 2018. The Subject
8 Vehicle was accompanied by an express limited warranty provided by BMW NA, a distributor of
9 BMW vehicles, thereby causing the vehicle to qualify as a "new motor vehicle" under relevant
10 consumer warranty laws. Defendant BMW NA denies the essential allegations of the Complaint.
11 Defendant contends that the concerns experienced by Plaintiff are not defects, not covered by the
12 warranty, do not substantially impair the use, value, or safety of the Vehicle, and/or have been
13 repaired within a reasonable number of repair attempts. Defendant reserves the right to assert
14 other defenses, including without limitation, unreasonable or unauthorized use under Civil Code
15 section 1794.3, after deposing Plaintiff and inspecting the Subject Vehicle. Further, BMW NA
16 contends that Plaintiff received timely notice of the availability of a third-party dispute resolution
17 process but made no effort to use such process. Defendant contends that it provided Plaintiff with
18 full and timely service and that it repaired any verifiable concerns covered by its respective
19 warranties. Defendant further contends that the Subject Vehicle was fit for the ordinary purposes
20 for which vehicles are used. Defendant therefore contends that it is not liable for breach of
21 express warranty under the Song-Beverly Warranty Act. Finally, BMW NA asserts that Plaintiff
22 is not entitled to any civil penalty because he will be unable to show willfulness.

23 **3.      Legal Issues**

24 **Plaintiff's Position:** Plaintiff contends that BMW NA violated California's Song-
25 Beverly Consumer Warranty Act, Civil Code § 1790, *et seq*. ("Song-Beverly") due to its
26 inability to repair Plaintiff's Vehicle after a reasonable number of attempts, its failure to offer
27 affirmative relief, and its refusal to repurchase the Vehicle, depsite Plaintff's affirmative request.

The principal issues in dispute are:

(a) Whether the Vehicle had defect(s) that were covered by the express warranty and that substantially impaired its use, value, and/or safety to Plaintiff.

(b) Whether BMW NA or its authorized repair facilities failed to repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

(c) Whether BMW NA's violations of Song-Beverly were "willful" and justify the imposition of a civil penalty.

**Defendant's Position:** BMW NA denies any liability under the Song-Beverly Consumer Warranty Act, as it did not breach any such warranties for the Subject Vehicle. BMW NA does not anticipate any unusual substantive, procedural, or evidentiary issues.

**4. Motions**

Other than possible discovery motions, the Parties do not anticipate filing any motions. BMW NA reserves its right to file a dispositive motion in this matter should discovery uncover facts supporting such a motion.

**5. Amendments**

The Parties do not anticipate amending the pleadings at this time.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The Parties will exchange their Rule 26(a) initial disclosures by February 24, 2022.

**8. Discovery**

**Plaintiff's Position:** Plaintiff intends to seek discovery related to the defects experienced with the Vehicle, BMW NA and its authorized repair facilities' repair opportunities and attempts to repair the defects with the Vehicle, why BMW NA failed to offer to repurchase the Vehicle,

BMW NA's response to Plaintiff's pre-litigation repurchase requests, and BMW NA's policies and procedures for complying with its obligations under Song-Beverly.

**Defendant's Position:** Defendant anticipates propounding discovery (Interrogatories, Requests for Admissions, and Requests for Production of Documents), taking the deposition of Plaintiff and any other individuals who drove the Subject Vehicle and/or brought the Subject Vehicle to a dealership for repairs, conducting a vehicle inspection, and taking the depositions of the respective expert witnesses. Defendant may also seek to take depositions of dealership personnel, such as technicians and/or service advisors. It should be noted that BMW dealerships are independently owned and operated, and BMW NA does not have control over dealership employees or personnel. BMW NA believes discovery should be limited to the subject vehicle and Plaintiff's experiences with the subject vehicle.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

The Parties are unaware of any related cases.

**11. Relief**

Plaintiff's Complaint seeks:

(1) Actual damages in excess of the jurisdictional minimum of this Court;

(2) Restitution in the form of reimbursement pursuant to California Civil Code §1794(b) and §1793.2(d);

(3) Civil penalty pursuant to California Civil Code §1794(c) in an amount twice that of the actual damages;

(4) Prejudgment interest at the maximum legal rate;

(5) Attorneys' fees and costs of suit incurred herein; and

(6) Such other and further relief as the Court deems just and proper under the circumstances.

Defendant denies Plaintiff is entitled to any relief. Furthermore, Defendant contends that if Plaintiff is entitled to recovery, it may be limited to cost of repair or diminution in value dependent upon the theory upon which Plaintiff prevails.

The Parties are not aware of any insurance coverage applicable to this matter.

**12.     Settlement and ADR**

The Parties have engaged in settlement discussions. After further meet and confer efforts, the Parties request that the Court refer the Parties to a Settlement Conference.

**13.     Consent to Magistrate Judge for all Purposes**

The Parties consent to assignment to the Magistrate Judge for all purposes.

**14.     Other References**

The Parties do not believe that any Other References are appropriate.

**15.     Narrowing of Issues.**

Counsel for the Parties are working cooperatively during the initial stages of this litigation, have kept an ongoing dialogue on all pertinent issues, and are confident they can work effectively together to narrow issues together as the litigation continues. The Parties expect that they can stipulate to basic facts concerning the sale and repair attempts (date of sale, terms of warranty, repairs performed by authorized dealer, etc.) as well as the authenticity of documents.

**16.     Expedited Trial Procedure**

The Parties do not believe that this case can be handled under the Expedited Trial Procedure.

///
///
///
///
///
///
///

**17.    Scheduling**

Assuming no COVID-19 related delays, the Parties anticipate that the case will be ready for trial within 12 months of upcoming Status Conference and propose the following schedule:

| Event | Proposed Dates |
| --- | --- |
| Last day to amend pleadings | April 28, 2022 |
| Non-Expert Discovery Cut-Off Date | August 26, 2022 |
| Expert Disclosure and Reports | September 16, 2022 |
| Expert Rebuttal | September 23, 2022 |
| Expert Discovery Cutoff | October 2, 2022 |
| Last Date to Hear Dispositive Motions: | January 19, 2023 |
| Pretrial Conference | March 2, 2023 |
| Trial Date | March 13, 2023 |

**18.    Trial**

The Parties request a jury trial. Plaintiff anticipates a trial length of 5 to 7 days.

BMW NA anticipates that trial will take three to five full days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Both Parties have filed the "Certification of Interested Entities of Persons" required by Civil Local Rule 3-15.

Plaintiff has no interest to report. Defendant BMW NA identifies the following parties that may have a pecuniary interest in the outcome of this case:

• BMW of North America, LLC, and

• BMW (US) Holding Corp., a related entity

///

///

///

///

///

///

///

**20.    Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

Dated:  February 3, 2022

MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane
Mark W. Allen

By: /s/ *Mark W. Allen\**
Mark W. Allen
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

*Pursuant to L.R. 5-1(h)(3), I attest that each of the other Signatories have concurred in the filing of this document.

Dated:  February 3, 2022

CONN LAW, PC

By:*/s/ Elliot Conn*
Elliot Conn
Attorneys for Plaintiff,
NEAL ADAMS